KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AURELIO LUNA-SANCHEZ,<br><br>Defendant. | Criminal Case No. 08CR0141-JM<br><br>Date: February 29, 2008<br>Time: 11:00 a.m.<br><br>The Honorable Jeffrey T. Miller<br><br>**UNITED STATES' NOTICE OF MOTIONS AND MOTIONS FOR**<br><br>**1) RECIPROCAL DISCOVERY**<br>**2) LEAVE TO FILE FURTHER MOTIONS** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions For Reciprocal Discovery and Leave to File Further Motions. These motions are based on the files and records of this case, together with the attached statement of facts.

/ /

/ /

/ /

/ /

## I

## STATEMENT OF THE CASE

On January 16, 2008, a federal grand jury in the Southern District of California returned a four-count indictment against Defendant AURELIO LUNA-SANCHEZ ("Defendant"). The Indictment charges Defendant with one count of importing approximately 29.25 kilograms (64.35 pounds) of marijuana into the United States, in violation of 21 U.S.C. §§ 952 & 960, one count of possessing approximately 29.25 kilograms (64.35 pounds) of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), one count of importing approximately 3.94 kilograms (8.67 pounds) of marijuana into the United States, in violation of 21 U.S.C. §§ 952 & 960, and one count of possessing approximately 3.94 kilograms (8.67 pounds) of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On January 17, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty. On February 15, 2008, Defendant filed the above captioned motions. The United States files the following response.

## II

## STATEMENT OF FACTS

### A. <u>OFFENSE CONDUCT IN 2005</u>

#### 1. <u>Events Leading to Seizure of Marijuana</u>

On September 12, 2005, at approximately 12:36 a.m., Defendant drove a green, 1994 Jeep Grand Cherokee bearing California license plate number "5PCM316" into the vehicle primary lanes at the Otay Mesa, California, Port of Entry. Defendant was the driver and sole occupant of the vehicle. The United States Customs and Border Protection Officer Gilliland was working the primary inspection lane when Defendant approached in the vehicle. Defendant informed Officer Gilliland that he was not bringing anything back from Mexico and that he was in Michoacan, Mexico, for the last fifteen days. Defendant stated that he was the registered owner of the vehicle, but hen when asked for the vehicle registration, he stated the vehicle belonged to a friend. Officer Gilliland noticed that Defendant became increasingly nervous as evidenced by Defendant not maintaining eye contact and playing with the radio. Officer Gilliland inspected the undercarriage of the vehicle and noticed that it was very clean, which was inconsistent with Defendant's earlier statement. Officer Gilliland asked Defendant about his luggage

and Defendant laughed. Officer Gilliland referred the vehicle to the secondary inspection area.

In the secondary inspection area, Officer Cisneros was on duty at approximately 12:40 a.m., when Defendant drove the green 1994 Jeep Grand Cherokee into the lot. Officer Cisneros notified Canine Enforcement Officer Corvino to inspect the vehicle utilizing her narcotics detector dog. The dog alerted to the spare tire of the vehicle. Officer Corvino notified Officer Cisneros of the alert, and Officer Cisneros escorted Defendant to the security office. A search of the spare tire revealed eight packages containing a green leafy substance, which field-tested positive for marijuana. Officer Cisneros called American Towing to have a certified mechanic remove the gas tank. Thereafter, the gas tank was removed from the vehicle, and a subsequent search revealed twenty-four packages of a green leafy substance, which field-tested positive for marijuana. The thirty-two packages of marijuana weighed a total of 29.25 kilograms. Although the gas tank had six gallons of gas in it, the gas gauge read empty.

Defendant was arrested. Defendant had $1,023 in his possession. The only clothes found in the vehicle was a plaid shirt, a pair of blue jeans, and a pair of tennis shoes.

Gildardo Carillo is the registered owner of the vehicle driven by Defendant. Carillo was arrested on June 9, 2005 for smuggling 54.80 kilograms of marijuana into the United States. He was sentenced to 121 days in San Diego County Jail. Carillo was in custody on the date of Defendant's arrest.

**2. Post-Miranda Statement**

At approximately 4:00 a.m., on September 12, 2005, United States Immigration and Customs Enforcement (ICE) agents advised Defendant was of his Miranda rights. Defendant acknowledged that he understood his Miranda rights, and he agreed to waive those rights and speak with the ICE agents without the presence of counsel.

Defendant told agents that he had recently moved from Sylmar, California to Sun Valley, California, but could not remember his address. He stated that he placed all of his belongings in storage and traveled to Michoacan, Mexico. He claimed that he left for Mexico on the first or second of September and returned to the United States on September 10. Defendant stated that he sold a Jeep Wrangler in Michoacan for $3,500. He then returned to the United States on September 10 and returned to Tijuana, Mexico, the next day driving his Volkswagen Golf. Defendant left the Volkswagen Golf in Mexico to test drive the 1994 Jeep Grand Cherokee.

Defendant indicated that he was driving to Sun Valley with the Jeep Grand Cherokee and if he liked it, he was going to purchase it for $2,700. Defendant claimed that the Boost mobile phone in his possession was from the company he worked for - AVM Woodworking in Van Nuys, California. Defendant stated that this company paid for the Boost mobile phone.

**B. OFFENSE CONDUCT IN 2007**

**1. Events Leading to Seizure of Marijuana**

On December 4, 2007, at approximately 5:30 a.m., Defendant drove a tan, 1993 Lexus S300 bearing California license plate number “6BCM522" into the vehicle primary lanes at the Otay Mesa, California, Port of Entry. Defendant was the driver and sole occupant of the vehicle. The United States Customs and Border Protection Officer Renner was working the primary inspection lane when Defendant approached in the vehicle. Defendant said he was a United States citizen and presented a valid U.S. Passport. Officer Renner noticed that the license plate appeared new. Defendant stated that he was not bringing anything back from Mexico. Defendant told Officer Renner that he owned the vehicle and that he purchased it 10 days ago. However, when Defendant’s hands were shaking as he handed the vehicle’s registration to Officer Renner. The title, which was dated November 18, 2007, showed that the vehicle was actually owned by “Francisco Aguilar,” not Defendant. Defendant told Officer Renner that he lived in Tijuana, Mexico. Officer Renner swiped Defendant’s passport and the computer-check indicated that Defendant had previously smuggled narcotics into the United States. Officer Renner referred the vehicle to the secondary inspection area.

In the secondary inspection area, Officer Boutwell received another negative declaration from Defendant. Canine Enforcement Officer Beyke screened the vehicle with her narcotics detector dog. The dog positively alerted to the driver’s side quarter panel. A further inspection of the vehicle by Officer Becerra revealed two packages in the engine compartment. The packages contained a green, leafy substance that field-tested positive for marijuana. Defendant was arrested and escorted to the security office. The two packages of marijuana weighed approximately 2.32 kilograms. Defendant was arrested and escorted to the security office.

At approximately 2:20 p.m., Officer Moore screened the vehicle again with his narcotics detector dog. The dog positively alerted to the driver’s side dashboard area. Officer Moore searched underneath

the dashboard and saw an additional package wrapped in gray tape. Officer Becerra seized the package, which contained a green, leafy substance that tested positive for marijuana. The one package of marijuana weighed approximately 1.62 kilograms. As such, the three packages seized from the vehicle weighed a total of 3.94 kilograms (or 8.67 pounds).

**2. <u>Post-Miranda Statement</u>**

At approximately 9:45 a.m., on December 4, 2007, ICE agents advised Defendant was of his <u>Miranda</u> rights. Defendant acknowledged that he understood his <u>Miranda</u> rights, and he agreed to waive those rights and speak with the ICE agents without the presence of counsel.

Defendant denied knowledge of the drugs in the vehicle, and told agents that he was on his way to San Felipe, Mexico when his vehicle broke down in Tijuana. Even though Defendant told agents that he was a mechanic, Defendant claimed that he had another mechanic in Mexico look at the vehicle. He believes this Mexican mechanic's name is also "Aurelio" and he must have put the drugs in the vehicle. Defendant said he lives in San Fernando. Defendant then changed his story about going to San Felipe, Mexico, and told agents that he traveled to Tijuana, Mexico, to visit his daughter. However, Defendant had told agents earlier that his daughter lived in Jalisco, Mexico, and not Tijuana. Defendant next claimed that he was on his way to Chula Vista courthouse to deal with a traffic violation.

After making the several inconsistent statements above, Defendant told agents that he purchased the Lexus two weeks ago in San Fernando, Mexico, for $3,000 from a person he knew as "Pancho," who Defendant also claimed was the registered owner, "Francisco Aguilar."

Toward the end of the interview, Defendant asked agents what benefit he would received if he were to tell them something different than what he already stated. The interview concluded.

**C. <u>DEFENDANT'S CRIMINAL HISTORY</u>**

Defendant is a repeat drug smuggling offender. On February 20, 1998, Defendant pled guilty and was convicted, in the United States District Court for the Southern District of Texas, of possession with the intent to distribute less than 1 kilogram of heroin, in violation of 21 U.S.C. § 841(a)(1), and received a sentence of 37-months prison and 3 years probation. The United States has produced these conviction documents to Defendant.

/ /

## III

## UNITED STATES' MOTIONS

### A. MOTION FOR RECIPROCAL DISCOVERY

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

#### 1. Defendant's Disclosures Under Fed R. Crim. P. 16(b)

On February 15, 2008, Defendant invoked Fed. R. Crim. P. 16(a) in his discovery motion and the United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). Therefore, Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States, is applicable.

As of the date of this Motion, the United States has produced 297 pages of discovery. The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

#### 2. Witness Statements Under Fed. R. Crim. P. 26.2

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**B. MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

## IV

## CONCLUSION

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Reciprocal Discovery and Leave to File Further Motions.

DATED: February 22, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. AURELIO LUNA-SANCHEZ, Defendant. | Criminal Case No. 08CR0141-JM **CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **THE UNITED STATES' MOTIONS FOR RECIPROCAL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Sylvia Baiz
Law Office of Sylvia Baiz
964 Fifth Avenue, Suite 214
San Diego, California 92101
*Lead Attorney for Defendant*

A hard copy is being sent to chambers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 22, 2008.

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney