**Sylvia Baiz**
California State Bar No. 124367
964 Fifth Avenue, Suite 214
San Diego, California 92101
Telephone: (619) 544-1410

Attorneys for Defendant **Aurelio Sanchez-Luna**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HON. JEFFREY T. MILLER**)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>AURELIO SANCHEZ-LUNA,<br>Defendant. | Criminal No. 08CR0141-JM<br><br>SUPPLEMENTAL BRIEFING<br>RE: SPEEDY TRIAL ACT |

**I.**

**STATEMENT OF FACTS**

Mr. Sanchez was arrested on December 4, 2008 as he entered the United States through the Otay Mesa port of entry. He was the driver of a car which was alleged to have 3 packages of marijuana weighing 3.94 grams of marijuana hidden underneath the hood of the car. The declaration in support of the complaint by ICE agent Bracamontes indicates that there was 3.94 kilograms of marijuana found hidden in the car, but the evidence processing slip prepared by the customs officers involved indicates that there was only 2.32 kilograms of marijuana. On December 23, 2007, counsel submitted a document indicating his acceptance of the pre-indictment fast track offer made by the government. Government counsel was later informed of the discrepancy in the amount of marijuana in December after receiving the fast track offer. Government counsel did not respond. On January 2, 2008, Mr. Sanchez elected not to accept the offer due to the discrepancy and informed the government that he would not be accepting the government's offer. On January 3, 2008, Mr. Sanchez

appeared in court at 9:00 a.m. and informed the court that he would not be waiving indictment in his case. The government sought a continuance to seek an indictment, however, the court denied it and set the matter for a preliminary examination for the same day at 2:00 pm. On January 3, 2008 at 2:00 p.m., Mr. Sanchez appeared in court and was prepared to cross-examine the agent during the preliminary examination. However, instead of putting the agent on the stand to show probable cause for the complaint, the government moved to dismiss the complaint. The same agent, Carol Bracamontes, then went into chambers and provided a new complaint for the judges' signature which he signed. This complaint was the exact same complaint filed on December 5, 2007 after Mr. Sanchez's arrest. The complaint was filed that same afternoon and Mr. Sanchez was arraigned on the new complaint and bond conditions were set

Mr. Sanchez was subsequently indicted on January 16, 2008 for importing and possessing with intent to distribute 3.94 kilograms of marijuana. In addition, on that same date, January 16, 2008, Mr. Sanchez was also re-indicted for importing and possessing with the intent to distribute 29.25 kilograms of marijuana on September 12, 2005. Mr. Sanchez has remained in custody at all times since his December 4, 2007 arrest in the instant case.

## II.

## COUNTS THREE AND FOUR OF THE INDICTMENT SHOULD BE DISMISSED BECAUSE THE GOVERNMENT INDICTED MR. SANCHEZ BEYOND THE 30 DAYS ALLOWED BY 18 U.S.C. § 3161(b) AND (d)(1).

Mr. Sanchez was indicted on January 16, 2008. However, forty-four days had passed from the time of his arrest on December 4, 2007 and forty-three days had passed between December 5, 2007, his first appearance in court and January 16, 2008, the date of indictment. Because Mr. Sanchez was never released from custody, the 30-day limit in section 3161(b) applies. In *United States v. Candelaria,* 704 F.2d 1129, 1131 (9th Cir.1983), the defendant made a false bomb threat on a military base and immediately was arrested by military police. *See id.* at 1130. Candelaria was detained for a short time, but released within an hour because he was not a member of the military. He was advised orally that subsequent action

would be taken by the proper authorities. *See id.* Forty four days after the arrest by the military police, the government issued a one-count indictment against Candelaria. *See **id**.* Candelaria then challenged the timing of the indictment as a violation of the Speedy Trial Act. In determining whether the Speedy Trial Act mandated dismissal, the Ninth Circuit analyzed both the plain words of the statute and the legislative history of the Act. It ruled that the Act had not been violated because § 3161(b)'s 30-day limitation applies only to persons who are arrested *and charged* or otherwise restrained. Candelaria at 1131 & n. 2. Because Candelaria had not been formally charged by the military police, the Act did not apply. In arriving at its conclusion, the Court determined that §§ 3161(b) and 3162(a)(1) must be read together; to hold otherwise would provide a right without a remedy. *See id.* at 1131; *see also United States v. Antonio,* 705 F.2d 1483, 1485 n. 1 (9th Cir.1983) (construing ***Candelaria*** ). As a result, we apply the dismissal sanction of § 3162(a)(1) only when a suspect is formally charged at the time of, or immediately following, arrest, or when a suspect is subject to some continuing restraint on liberty imposed in connection with the charge on which the subject is eventually tried. *See United States v. Gonzalez-Sandoval,* 894 F.2d 1043, 1049 (9th Cir.1990); *Candelaria,* 704 F.2d at 1131.

In Gonzalez-Sandoval the defendant was arrested by border patrol agents on April 6, 1986, the complaint filed charged him with transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(2); illegal entry in violation of 8 U.S.C. § 1325; and failure to carry documents in violation of 8 U.S.C. § 1304(e). On April 17, 1986, all criminal charges against Gonzalez-Sandoval were dismissed and he was released. In finding that there had been no speedy trial act violation, the Court reasoned that Gonzalez-Sandoval did not appear to fall within the category of individuals formally charged or subject to some continuing restraint to which Congress intended the STA's provisions to apply. Gonzalez-Sandoval at 1050. Here, Mr. Sanchez was not only in continuous custody since his arrest, but when the government dismissed the original complaint and filed a new complaint on January 3, 2008, it was the

exact same complaint, except that it was signed on another date.

The government argues that, "When the United States dismisses a complaint and later files a subsequent a complaint or an indictment, section 3161(d)(1) governs the relevant time period. The government cites United States v. McCown, 711 F.2d 1441, 1446 (9th Cir. 1983) for this proposition. However, even in McCown, the Ninth Circuit held that section, ".. 3161(d)(1) (and the mandate that the time runs anew) is applicable only where the indictment is dismissed upon motion of the defendant." McCown at 1446. Moreover, in United States v. Rojas Contreras, 474 U. S. 231(1985), a case in which the Court analyzed a different provision of the Speedy Trial Act section 3161(b)(2) (requiring that trial not commence less than 30 days from the date on which the defendant first appears through counsel), Justice Blackman, in his concurring opinion interpreted §3161(d) finding that

> Because the criminal process does not always proceed in a linear fashion, the Act addresses second indictments that occur, unlike in this case, following dismissal of the first indictment. When an indictment is dismissed on motion of the defendant, and the defendant is thereafter reindicted, both the 30-day and 70-day periods run anew. See 18 U.S.C. § 3161(d)(1). In contrast, however, when an indictment is dismissed on motion of the Government, and the defendant is thereafter reindicted, both the 30-day and 70-day periods continue to run from the first indictment, with the proviso that the period during which no indictment is outstanding is excluded from the 70-day calculation. See 18 U.S.C. § 3161(h)(6). The difference in treatment protects against governmental circumvention of the speedy-trial guarantee. Id. at 239.

In the analogous context of the right to a speedy trial under the sixth amendment, a defendant's speedy trial right attaches only after the defendant has become an "accused." *United States v. Marion,* 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971). In *Marion,* the court specified that a person is not an "accused" unless he or she is either formally charged or else arrested on criminal charges. *Id.* at 320, 92 S.Ct. at 463. The Supreme Court recently reaffirmed the *Marion* restrictions on the applicability of the sixth amendment speedy trial right in *United States v. Loud Hawk,* 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986). In *Loud Hawk,* the Supreme Court held that the time when no

indictment was outstanding against the defendants in that case did not apply towards their speedy trial claims. 106 S.Ct. at 650. The Court noted that “when no indictment is outstanding, only the actual restraint imposed by arrest and holding to answer a criminal charge ... engage the particular protections of the speedy trial provision of the Sixth Amendment.” *id.* at 654.

Mr. Sanchez’s is unlike the government’s cases where a new charge was filed subsequent to the dismissal of an indictment or information. In this case, the government merely dismissed the case because it sought more time to seek an indictment.

**III.**

**CONCLUSION**

For the foregoing reasons, it is respectfully requested that the court grant the above motion.

Respectfully Submitted,

Date: March 3, 2008

/S/Sylvia A. Baiz

Sylvia Baiz

Attorney for Mr. Sanchez Luna