KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AURELIO LUNA-SANCHEZ,<br><br>Defendant. | ) | Criminal Case No. 08CR0141-JM<br><br>Date: May 9, 2008<br>Time: 1:30 p.m.<br><br>The Honorable Jeffrey T. Miller<br><br>**UNITED STATES' REPLY TO DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING HIS MOTION TO DISMISS THE INDICTMENT DUE TO A SPEEDY TRIAL ACT VIOLATION** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Reply to Defendant's Supplemental Brief Regarding his Motion to Dismiss the Indictment Due to a Speedy Trial Act Violation. This Reply is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

/ /

/ /

/ /

/ /

/ /

## I

## STATEMENT OF THE CASE

On January 16, 2008, a federal grand jury in the Southern District of California returned a four-count indictment against Defendant AURELIO LUNA-SANCHEZ ("Defendant"). The Indictment charges Defendant with one count of importing approximately 29.25 kilograms (64.35 pounds) of marijuana into the United States, in violation of 21 U.S.C. §§ 952 & 960, one count of possessing approximately 29.25 kilograms (64.35 pounds) of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), one count of importing approximately 3.94 kilograms (8.67 pounds) of marijuana into the United States, in violation of 21 U.S.C. §§ 952 & 960, and one count of possessing approximately 3.94 kilograms (8.67 pounds) of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On January 17, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty. On February 15, 2008, Defendant filed motions for discovery, to dismiss the indictment, and to suppress statements. On February 22, 2008, the United States filed its response in opposition to Defendant's motions. On February 29, 2008, the Court held a motion hearing addressing Defendant's motion to dismiss the indictment due to a violation of the Speedy Trial Act, and the Court continued all other motions. On March 3, 2008, Defendant filed a supplemental brief addressing the alleged Speedy Trial Act violation. The United States files the following reply.

## II

## STATEMENT OF FACTS

### A. <u>OFFENSE CONDUCT IN 2005</u>

#### 1. <u>Events Leading to Seizure of Marijuana</u>

On September 12, 2005, at approximately 12:36 a.m., Defendant drove a green, 1994 Jeep Grand Cherokee bearing California license plate number "5PCM316" into the vehicle primary lanes at the Otay Mesa, California, Port of Entry. Defendant was the driver and sole occupant of the vehicle. The United States Customs and Border Protection Officer Gilliland was working the primary inspection lane when Defendant approached in the vehicle. Defendant informed Officer Gilliland that he was not bringing anything back from Mexico and that he was in Michoacan, Mexico, for the last fifteen days. Defendant stated that he was the registered owner of the vehicle, but hen when asked for the vehicle registration,

he stated the vehicle belonged to a friend. Officer Gilliland noticed that Defendant became increasingly nervous as evidenced by Defendant not maintaining eye contact and playing with the radio. Officer Gilliland inspected the undercarriage of the vehicle and noticed that it was very clean, which was inconsistent with Defendant's earlier statement. Officer Gilliland asked Defendant about his luggage and Defendant laughed. Officer Gilliland referred the vehicle to the secondary inspection area.

In the secondary inspection area, Officer Cisneros was on duty at approximately 12:40 a.m., when Defendant drove the green 1994 Jeep Grand Cherokee into the lot. Officer Cisneros notified Canine Enforcement Officer Corvino to inspect the vehicle utilizing her narcotics detector dog. The dog alerted to the spare tire of the vehicle. Officer Corvino notified Officer Cisneros of the alert, and Officer Cisneros escorted Defendant to the security office. A search of the spare tire revealed eight packages containing a green leafy substance, which field-tested positive for marijuana. Officer Cisneros called American Towing to have a certified mechanic remove the gas tank. Thereafter, the gas tank was removed from the vehicle, and a subsequent search revealed twenty-four packages of a green leafy substance, which field-tested positive for marijuana. The thirty-two packages of marijuana weighed a total of 29.25 kilograms. Although the gas tank had six gallons of gas in it, the gas gauge read empty.

Defendant was arrested. Defendant had $1,023 in his possession. The only clothes found in the vehicle was a plaid shirt, a pair of blue jeans, and a pair of tennis shoes.

Gildardo Carillo is the registered owner of the vehicle driven by Defendant. Carillo was arrested on June 9, 2005 for smuggling 54.80 kilograms of marijuana into the United States. He was sentenced to 121 days in San Diego County Jail. Carillo was in custody on the date of Defendant's arrest.

### 2. Post-Miranda Statement

At approximately 4:00 a.m., on September 12, 2005, United States Immigration and Customs Enforcement (ICE) agents advised Defendant was of his Miranda rights. Defendant acknowledged that he understood his Miranda rights, and he agreed to waive those rights and speak with the ICE agents without the presence of counsel.

Defendant told agents that he had recently moved from Sylmar, California to Sun Valley, California, but could not remember his address. He stated that he placed all of his belongings in storage and traveled to Michoacan, Mexico. He claimed that he left for Mexico on the first or second of

September and returned to the United States on September 10. Defendant stated that he sold a Jeep Wrangler in Michoacan for $3,500. He then returned to the United States on September 10 and returned to Tijuana, Mexico, the next day driving his Volkswagen Golf. Defendant left the Volkswagen Golf in Mexico to test drive the 1994 Jeep Grand Cherokee.

Defendant indicated that he was driving to Sun Valley with the Jeep Grand Cherokee and if he liked it, he was going to purchase it for $2,700. Defendant claimed that the Boost mobile phone in his possession was from the company he worked for - AVM Woodworking in Van Nuys, California. Defendant stated that this company paid for the Boost mobile phone.

**B. <u>OFFENSE CONDUCT IN 2007</u>**

**1. <u>Events Leading to Seizure of Marijuana</u>**

On December 4, 2007, at approximately 5:30 a.m., Defendant drove a tan, 1993 Lexus S300 bearing California license plate number “6BCM522" into the vehicle primary lanes at the Otay Mesa, California, Port of Entry. Defendant was the driver and sole occupant of the vehicle. The United States Customs and Border Protection Officer Renner was working the primary inspection lane when Defendant approached in the vehicle. Defendant said he was a United States citizen and presented a valid U.S. Passport. Officer Renner noticed that the license plate appeared new. Defendant stated that he was not bringing anything back from Mexico. Defendant told Officer Renner that he owned the vehicle and that he purchased it 10 days ago. However, when Defendant’s hands were shaking as he handed the vehicle’s registration to Officer Renner. The title, which was dated November 18, 2007, showed that the vehicle was actually owned by “Francisco Aguilar,” not Defendant. Defendant told Officer Renner that he lived in Tijuana, Mexico. Officer Renner swiped Defendant’s passport and the computer-check indicated that Defendant had previously smuggled narcotics into the United States. Officer Renner referred the vehicle to the secondary inspection area.

In the secondary inspection area, Officer Boutwell received another negative declaration from Defendant. Canine Enforcement Officer Beyke screened the vehicle with her narcotics detector dog. The dog positively alerted to the driver’s side quarter panel. A further inspection of the vehicle by Officer Becerra revealed two packages in the engine compartment. The packages contained a green, leafy substance that field-tested positive for marijuana. Defendant was arrested and escorted to the

security office. The two packages of marijuana weighed approximately 2.32 kilograms. Defendant was arrested and escorted to the security office.

At approximately 2:20 p.m., Officer Moore screened the vehicle again with his narcotics detector dog. The dog positively alerted to the driver's side dashboard area. Officer Moore searched underneath the dashboard and saw an additional package wrapped in gray tape. Officer Becerra seized the package, which contained a green, leafy substance that tested positive for marijuana. The one package of marijuana weighed approximately 1.62 kilograms. As such, the three packages seized from the vehicle weighed a total of 3.94 kilograms (or 8.67 pounds).

**2. <u>Post-Miranda Statement</u>**

At approximately 9:45 a.m., on December 4, 2007, ICE agents advised Defendant was of his <u>Miranda</u> rights. Defendant acknowledged that he understood his <u>Miranda</u> rights, and he agreed to waive those rights and speak with the ICE agents without the presence of counsel.

Defendant denied knowledge of the drugs in the vehicle, and told agents that he was on his way to San Felipe, Mexico when his vehicle broke down in Tijuana. Even though Defendant told agents that he was a mechanic, Defendant claimed that he had another mechanic in Mexico look at the vehicle. He believes this Mexican mechanic's name is also "Aurelio" and he must have put the drugs in the vehicle. Defendant said he lives in San Fernando. Defendant then changed his story about going to San Felipe, Mexico, and told agents that he traveled to Tijuana, Mexico, to visit his daughter. However, Defendant had told agents earlier that his daughter lived in Jalisco, Mexico, and not Tijuana. Defendant next claimed that he was on his way to Chula Vista courthouse to deal with a traffic violation.

After making the several inconsistent statements above, Defendant told agents that he purchased the Lexus two weeks ago in San Fernando, Mexico, for $3,000 from a person he knew as "Pancho," who Defendant also claimed was the registered owner, "Francisco Aguilar."

Toward the end of the interview, Defendant asked agents what benefit he would received if he were to tell them something different than what he already stated. The interview concluded.

**C. <u>DEFENDANT'S CRIMINAL HISTORY</u>**

Defendant is a repeat drug smuggling offender. On February 20, 1998, Defendant pled guilty and was convicted, in the United States District Court for the Southern District of Texas, of possession

with the intent to distribute less than 1 kilogram of heroin, in violation of 21 U.S.C. § 841(a)(1), and received a sentence of 37-months prison and 3 years probation. The United States has produced these conviction documents to Defendant.

## III

## THE UNITED STATES' REPLY TO DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING HIS MOTION TO DISMISS THE INDICTMENT DUE TO A SPEEDY TRIAL ACT VIOLATION[1]

In his supplemental brief, Defendant alleges that he was not released from custody, and somehow, this is fatal to the thirty-day clock starting anew under the Speedy Trial Act, as set forth in Title 18, United States Code, Section 3161. Defendant's argument misses the mark. First, the magistrate judge issued an abstract ordering Defendant released from custody on the first complaint in Criminal Case No. 07MJ2814. [See Exh. 1, Abstract Order Releasing Defendant (Docket No. 9).] Second, Defendant does not cite to any cases that provide that the defendant must be physically released from custody after the dismissal of the first complaint and before the filing of the second complaint. Third, and most importantly, Defendant's argument misses the most critical distinction between the cases he relies upon and his case, and that distinction is, in Defendant's case, the United States dismissed the first complaint *without prejudice* and *before* the thirty-day clock had completely run. [See Exh. 2, Order Dismissing First Complaint Without Prejudice And Ordering Defendant Released (Docket No. 8).] The magistrate judge advised Defendant, and Defendant acknowledged he understood, that the dismissal of the first complaint, without prejudice, did not bar the United States from refiling the charges against Defendant. The magistrate judge also dismissed the first complaint without prejudice, which allows the United States to refile the charges at any time (within the statute of limitations) - which the United States did by filing the second complaint on January 3, 2008. With the charges in the second complaint pending, Defendant was held in custody.[2] As such, Section 3161(d)(1) applies and the thirty-day clock starts to run anew from the filing of the second complaint.

---

[1] The United States herein incorporates by reference all arguments made in its Response in Opposition, filed on February 22, 2008, in Criminal Case No. 08CR0141-JM, Docket No. 8.

[2] Defendant relies on cases where there was no charging document pending. However, in this case, there was a complaint pending when Defendant was held in custody. Thus, the cases relied upon by Defendant are distinguishable from the instant case.

Next, Defendant argues that United States v. McCown, 711 F.2d 1441 (9th Cir. 1983), held that Section "...3161(d)(1) (and the mandate that the time runs anew) is applicable only where the indictment is dismissed upon motion of the defendant." [See Def. Suppl. Brief at 4 (citing McCown at 1446).] However, there is no such quotation or holding in the case. McCown analyzed the legislative history of Section 3161 and noted that Congress stated: "To require a prosecutor to conform to indictment and trial time limits which were set by the filing of the original complaint in order to reopen a case on the basis of new evidence would be an insurmountable burden. Thus, when subsequent complaints are brought, the time limits will begin to run from the date of the filing of the subsequent complaint." Id. at 1446 (citing S.Rep. No. 1021, 93d Cong., 2d Sess. 33 (1974)).

In this case, Defendant was ordered to be released from custody after the first complaint was dismissed. [See Exhs. 1 and 2.] The United States filed the second complaint and Defendant was held in custody to answer to the charges filed in the second complaint. The applicable case law, including the analysis of congressional intent with respect to Section 3161(d)(1), holds that the thirty-day clock begins to run anew from the date of the filing of the second complaint. [See Govt. Resp. In Opp. at 13-18 (Docket No. 8).] The United States filed the second complaint on January 3, 2008 and a federal grand jury returned an indictment on January 16, 2008, which is well-within the thirty-day time limit. As such, the Court should deny Defendant's motion to dismiss the indictment because there was no violation of the Speedy Trial Act.

DATED: March 5, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Joseph J.M. Orabona
JOSEPH J.M. ORABONA
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. AURELIO LUNA-SANCHEZ, Defendant. | Criminal Case No. 08CR0141-JM<br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **The United States' Reply to Defendant's Supplemental Brief Regarding His Motion to Dismiss the Indictment Due to a Speedy Trial Act Violation** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Sylvia Baiz
Law Office of Sylvia Baiz
964 Fifth Avenue, Suite 214
San Diego, California 92101
*Lead Attorney for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 5, 2008.

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney