# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 08 CR 0141 JM |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS INDICTMENT FOR VIOLATION OF SPEEDY TRIAL ACT AND MOTION TO DISMISS INDICTMENT FOR VINDICTIVE PROSECUTION** [Docket 7] |
| vs. | |
| AURELIO LUNA-SANCHEZ, | |
| Defendant. | |

In an indictment filed January 16, 2008, the government charged defendant Aurelio Luna-Sanchez with two counts of importation of marijuana, in violation of 21 U.S.C. § 952 and 960, and two counts of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Defendant pleaded not guilty to all charges. Defendant now moves to dismiss the indictment for violation of the Speedy Trial Act and for vindictive prosecution. The court held a hearing on these motions on February 29, 2008. Pursuant to court order, Defendant submitted supplemental briefing on March 3, 2008, and the government on March 5, 2008. For reasons set forth below, the court hereby **DENIES** both motions.

I.  BACKGROUND

The following facts are undisputed.

On September 12, 2005, Defendant was arrested entering the United States at the Otay Mesa port of entry. Customs officials seized 29.25 kilograms of marijuana from the car Defendant was

1  driving. The government indicted Defendant on September 21, 2005. (See Case no. 05cr1661 JAH
2  (Doc. no. 5).) That indictment was dismissed on August 11, 2006. (See id. (Doc. no. 45).)

3  On December 4, 2007, Defendant was again arrested at the Otay Mesa port of entry. Customs
4  officials seized several kilograms of marijuana hidden in the car Defendant was driving. The
5  government filed a complaint on December 5, 2007, alleging that customs agents found 3.94
6  kilograms of marijuana hidden in the car. On December 23, 2007, Defendant's attorney indicated by
7  written document that Defendant accepted the government's pre-indictment fast track offer. On
8  January 2, 2008, the day before the preliminary exam, Defendant informed the government that he had
9  changed his mind and decided not to waive his right to indictment. He claims his decision resulted
10 from a discrepancy between the evidence processing slip prepared by customs officers, which
11 indicated that only 2.32 kilograms of marijuana were found in the car, and the declaration supporting
12 the complaint, which indicated that 3.94 kilograms were found in the car.

13 At a January 3, 2008 hearing, Defendant informed the court of his decision not to waive
14 indictment. At the preliminary exam later that day, the government moved to dismiss the complaint
15 without prejudice. The magistrate judge granted the motion. The government then filed a new
16 complaint containing the allegations included in the original complaint, and Defendant was arraigned
17 on the complaint. On January 16, 2008, a federal grand jury returned an indictment on the following
18 counts, including a re-indictment related to the 2005 arrest:

19 Count 1:   Importation of approximately 29.25 kilograms of marijuana into the United
20            States, arising out of the 2005 arrest, in violation of 21 U.S.C. §§ 952 and 960
21 Count 2:   Possession of approximately 29.25 kilograms of marijuana with intent to
22            distribute, arising out of the 2005 arrest, in violation of 21 U.S.C. § 841(a)(1)
23 Count 3:   Importation of approximately 3.94 kilograms of marijuana into the United
24            States, arising out of the 2007 arrest, in violation of 21 U.S.C. §§ 952 and 960
25 Count 4:   Possession of approximately 3.94 kilograms of marijuana with intent to
26            distribute, in violation of 21 U.S.C. § 841(a)(1)

27 Defendant was arraigned and pleaded not guilty on January 17, 2008.
28 //

## II. DISCUSSION

### A. Motion to Dismiss Indictment for Violation of Speedy Trial Act

Defendant argues that the court should dismiss counts 3 and 4 of his indictment (relating to the 2007 arrest) with prejudice, due to failure to obtain an indictment within 30 days of Defendant's arrest.

Under the Speedy Trial Act, the government must file any indictment or information on the charge or charges for which a defendant is arrested or served with a summons within 30 days. 18 U.S.C. § 3161(b).

> If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (©) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

18 U.S.C. § 3161(d)(1). At issue is the interaction of §§ 3161(b) and (d)(1).

Defendant argues that the government failed to comply with the Speedy Trial Act because Defendant's January 16, 2008 indictment occurred more than 30 days after his arrest on December 4, 2007. Because the indictment charges "the same offense [as the original complaint] or an offense based on the same conduct or arising out of the same episode," he claims that § 3161(d)(1) calls for the 30-day period in § 3161(b) to run from the date of the arrest. (Mot. at 11.)

The government contends that Defendant misinterprets §§ 3161(b) and (d)(1), because "[i]t is well-settled that 'when the government drops a <u>complaint</u> but then later brings a new complaint or indictment on the same charge, the 30-day period runs from the second complaint or indictment.'" (Oppo. at 14 (quoting <u>United States v. Williams</u>, 408 F.3d 1073, 1076 (8th Cir. 2005) (internal quotations omitted)).)

Although neither party cites a Ninth Circuit case directly on-point, the government cites cases from the Second, Fourth, Fifth, Sixth, Seventh, Eighth, Eleventh, and District of Columbia Circuits confirming or supporting this rule. See, e.g., <u>United States v. Gaskin</u>, 364 F.3d 438, 451 (2d Cir.

2004) (§ 3161(d)(1) "reset[s] speedy trial clock if, after a complaint charged is dismissed against a defendant, the defendant is recharged with the same offense in a new complaint or indictment"); United States v. Bittle, 699 F.2d 1201, 1205-06 (D.C. Cir. 1983) ("[T]he correct interpretation of section 3161(d)(1) is that after the dismissal of a complaint, the [Speedy Trial] Act's time limits run anew from the date of the filing of the subsequent complaint or indictment."). As the government points out and circuit courts have explained, courts read § 3161(d)(1) as the government suggests because the reading urged by Defendant – according to which § 3161(d)(1) does not restart the 30-day clock – would render § 3161(d)(1) superfluous. (See Oppo. at 14-15.)

The legislative history of § 3161(d)(1), cited as persuasive by the Ninth Circuit in United States v. McCown, 711 F.2d 1441, 1446 (9th Cir. 1983), also supports this interpretation:

> To require a prosecutor to conform to indictment and trial time limits which were set by the filing of the original complaint in order to reopen a case on the basis of new evidence would be an insurmountable burden. Thus, when subsequent complaints are brought, the time limits will begin to run from the date of the filing of the subsequent complaint.

S. Rep. No. 1021, 93d Cong., 2d Sess. 33 (1974), quoted in McCown, 711 F.2d at 1446, and United States v. May, 771 F.2d 980, 982-83 (6th Cir. 1985). In McCown, the Ninth Circuit quoted this legislative history in construing § 3161(d)(1) to mean that, "where the indictment is dismissed upon motion of the defendant, the slate is wiped clean, and any subsequent step toward prosecution of the defendant causes the time period to being running anew." McCown, 711 F.2d at 1446 (citations omitted). The court then distinguished the situation in which the indictment was dismissed upon the government's motion. Where § 3161(d)(1) applies due to the dismissal of a complaint, however, the statute draws no distinction between dismissal by the defendant or by the government.[1] Thus, the Ninth Circuit likely would agree with those courts that have interpreted § 3161(d)(1) in the way the government promotes.

The two Ninth Circuit cases on which Defendant relies do not compel a different result. In United States v. Pollock, 726 F.2d 1456 (9th Cir. 1984), the government charged the defendant by complaint, then received an order extending the time to file the indictment beyond 30 days. The Ninth

---

[1] Defendant again fails to appreciate this distinction in his supplemental brief, arguing that the government inappropriately relies on McCown. (See Def.'s Supp. Brief at 4:3-5:5.)

Circuit held that the extension was not justified under § 3161(h)(8)(B), and therefore the indictment was untimely. Id. at 1459-61. Pollock did not address a dismissed complaint or indictment. In United States v. Palomba, 31 F.3d 1456 (9th Cir. 1994), the government charged the defendant by complaint, obtained a timely indictment omitting the complaint's two mail fraud charges, and three months later received a superseding indictment including two charges of mail fraud. The Ninth Circuit held that the defendant's attorney should have moved to dismiss the mail fraud charges; having been brought under the same statute and based on substantially similar events, the charges were not properly "preserved" in the original indictment, and therefore were untimely in the superseding indictment. Id. at 1464. Palomba thus indicated that the timely filing of an indictment does not start the 30-day clock anew on charges dropped from the complaint. As the government argues, the facts in Pollock and Palomba differ materially from those in the instant case, which deals instead with the dismissal of a complaint and filing of a new complaint including identical charges within 30 days of arrest.

Likewise, the cases Defendant cites in his supplemental brief also fail to support his position. Citing United States v. Candelaria, 704 F.2d 1129 (9th Cir. 1983), and United States v. Gonzalez-Sandoval, 894 F.2d 1043 (9th Cir. 1990), Defendant claims the 30-day limit in § 3161(b) begins on the date of his arrest and does not restart because he was never released from custody. (Def.'s Supp. Brief at 2.) In Candelaria, the court held that no violation of § 3161(b) had occurred where the defendant was arrested on May 24, 1981, released the same day, and charged in an indictment 44 days later. 704 F.2d at 1130-32. The court reasoned that § 3161(b) applies only to arrested persons charged or "otherwise subject to some continuing restraint." Id. at 1131. In Gonzalez-Sandoval, the court also held that no violation of § 3161(b) had occurred where the government arrested and charged the defendant with several crimes in 1986, dismissed the charges 11 days later, and then learned in 1988 that the defendant had been deported prior to the 1986 arrest. 894 F.2d at 1049-50. Because the government did not know the defendant was a previously deported illegal alien at the time of the 1986 arrest, the defendant did "not appear to fall within the category of individuals formally charged or subject to some continuing restraint to which Congress intended" § 3161(b) to apply. Id. at 1050.

The rule expressed in Candelaria and Gonzalez-Sandoval does not alter the statutory analysis described above. Because the government in this case filed a complaint, obtained dismissal of the

1 complaint without prejudice, and filed a second complaint all within 30 days of Defendant's arrest, the speedy trial clock was reset. Defendant's continuing detention throughout that period of time has no bearing on this conclusion. Furthermore, Candelaria and Gonzalez-Sandoval involved defendants who objected to the length of time between their arrest and first formal charge. The Ninth Circuit held that the 30-day limit in § 3161(b) was not triggered in the absence of a charging document or some unspecified kind of continuing restraint. Here, in contrast, a charging document was pending virtually throughout Defendant's custody, with the brief exception of the time on January 3, 2008 between the dismissal of the first complaint and the filing of the second complaint. Thus, the court need not evaluate whether Defendant's detention is sufficient to trigger § 3161(b).

The court therefore **DENIES** Defendant's motion to dismiss the indictment for violation of the Speedy Trial Act. Accordingly, the court does not reach Defendant's argument that dismissal should be with prejudice.

### B. Motion to Dismiss Indictment for Vindictive Prosecution

Defendant argues that the court should dismiss counts 1 and 2 of his indictment due to vindictive prosecution.

"A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right." United States v. Gastelum-Almeida, 298 F.3d 1167, 1172 (9th Cir. 2002) (citing Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978); United States v. Hernandez-Herrera, 273 F.3d 1213, 1217 (9th Cir. 2001)). A defendant claiming vindictive prosecution must make an initial showing that the prosecutor added charges due to the defendant's exercise of a statutory, procedural, or constitutional right. Gastelum-Almeida, 298 F.3d at 1172 (citing United States v. Garza-Juarez, 992 F.2d 896, 906 (9th Cir. 1993)). "The mere appearance of vindictiveness gives rise to a presumption of vindictive motive." United States v. Heldt, 745 F.2d 1275, 1280 (9th Cir. 1984) (citation omitted). Nevertheless, vindictiveness claims are

> evaluated differently when the additional charges are added during pretrial proceedings, particularly when plea negotiations are on going, than when they are added during or after trial. . . . [I]n the context of pretrial plea negotiations vindictiveness will not be presumed simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right.

United States v. Gamez-Orduno, 235 F.3d 453, 462 (9th Cir. 2000) (internal citations omitted).

1         The parties here disagree over the category of vindictive-prosecution cases most analogous to this case. Defendant relies on cases in which vindictive prosecution was found, inter alia, after defendants exercised the right to attack their legal convictions, Blackledge v. Perry, 417 U.S. 21 (1974); Thigpen v. Roberts, 468 U.S. 27 (1984), or to change venue to the district of a defendant's residence, United States v. DeMarco, 550 F.2d 1224 (9th Cir. 1977). The government responds that the cases analyzing vindictive prosecution in the pretrial context are more applicable. See Gastelum-Almeida, 298 F.3d 1167; Heldt, 745 F.2d 1275; United States v. Allsup, 573 F.2d 1141 (9th Cir. 1978).

        The government has the better argument. Here, as the government points out, Defendant accepted the government's pre-indictment fast-track plea offer on December 23, 2007. After Defendant later conveyed that he would forego the plea bargain and would not waive his right to indictment, the prosecutor sought an indictment adding charges that increased the possible sentence. This exercise of "permissible prosecutorial discretion," Allsup, 573 F.2d at 1143, does not give rise to a presumption of vindictiveness. See also Gamez-Orduno, 235 F.3d at 462.

        The court therefore **DENIES** Defendant's motion to dismiss the indictment for vindictive prosecution.

### III. CONCLUSION

        Based on the foregoing, the court hereby **DENIES** Defendant's motions to dismiss the indictment for violation of the Speedy Trial Act and for vindictive prosecution.

**IT IS SO ORDERED.**

DATED: March 28, 2008

*(signature)*
**Hon. Jeffrey T. Miller**
**United States District Judge**

cc:       All parties