KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AURELIO LUNA-SANCHEZ,<br><br>Defendant. | Criminal Case No. 08CR0141-JM<br><br>Date: May 9, 2008<br>Time: 1:30 p.m.<br><br>The Honorable Jeffrey T. Miller<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SUPPLEMENTAL MOTION IN LIMINE TO ADMIT ADDITIONAL 404(b) EVIDENCE** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Supplemental Motion In Limine in the above-referenced case to Admit Additional 404(b) Evidence. These motions in limine are based on the files and records of this case together with the attached memorandum of points and authorities.

/ /

/ /

/ /

/ /

# I

# INTRODUCTION

On January 16, 2008, a federal grand jury in the Southern District of California returned a four-count indictment against Defendant AURELIO LUNA-SANCHEZ ("Defendant"). On April 25, 2008, the United States filed its motions in limine, together with an attached statement of facts and memorandum of points and authorities. As of May 1, 2008, the United States has produced an additional forty-five pages of discovery concerning an incident involving Defendant's importation of methamphetamine through the San Ysidro, California, Port of Entry, on August 26, 2007. As such, the United States files this memorandum of points and authorities in support of its supplemental motion in limine to admit 404(b) evidence.[1/]

On August 26, 2007, at approximately 7:10 p.m., Defendant drove a 1995 Honda Accord bearing California license plate number "5YNC208" into the vehicle primary lanes at the San Ysidro, California, Port of Entry. Defendant was the driver and sole occupant of the vehicle. The Untied States Customs and Border Protection Officer Velasco was working the primary lane when Defendant approached in the vehicle. Defendant presented his valid U.S. passport and claimed to be a U.S. citizen. Defendant told Officer Velasco that he had been in Mexico to visit his family and that the car belonged to his wife. During Officer Velasco's inspection of the car, he discovered clear sandwich bags hidden behind the glove box that contained a "joint" and glass pipes. The car was referred to the secondary lot.

In the secondary inspection area, Officer Madero field tested the green leafy substance in the first sandwich bag that was found behind the glove box, and it field-tested positive for marijuana. Another sandwich bag was found behind the glove box, which contained a white, crystalline substance that was separated into six personal use "baggies." Officer Madero tested the white, crystalline substance, which field-tested positive for methamphetamine. The marijuana weighed approximately 2.0 grams and the methamphetamine weighed approximately 600 milligrams.

Defendant was processed administratively. Defendant signed the petition for remission or mitigation of forfeitures and penalties. In pleading for Customs to reduce the fine, Defendant

---

[1/] This is a supplemental motion in limine based on the additional discovery that has been produced. As such, the United States incorporates by reference the statement of the case, the statement of facts, and the discussion on the United States' motion in limine to admit 404(b) evidence, which are included in its motions in limine that were filed with the Court on April 25, 2008, Docket No. 15.

handwrote on the form that he was sorry for what happened and that the truth was it was easy for him to bring the drugs not knowing the crime or problem that it would cause. Customs assessed a civil fine of $5,000, which was later reduced to $500. Defendant signed an agreement to pay the monetary penalty. The car driven by Defendant was registered to a women, that was later determined not to be his wife. Customs seized the car and released Defendant.

## II

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. THE COURT SHOULD ADMIT ADDITIONAL 404(b) EVIDENCE

The United States hereby provides Defendant with notice of its intent to present additional 404(b) evidence. As of the date of this motion, the United States has produced additional evidence of Defendant's involvement in another importation incident in 2007. As such, the United States intends to introduce in its case-in-chief the fact that on or about August 26, 2007, the Defendant entered the United States as the driver and sole occupant of a car which concealed 600 milligrams of methamphetamine behind the glove box of the car.[2/]

This conduct is relevant to Defendant's conduct in the other cases because each instance involved substantially the same conduct he is currently charged. On all three occasions, which occurred on September 12, 2005, August 26, 2007, and December 4, 2007, Defendant was the driver and sole occupant of a car that entered the United States. On all three occasions the car he was driving concealed drugs that he attempted to import into the United States from Mexico. Rule 404(b) of the Federal Rules of Evidence precludes the admission of evidence of "other acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Evidence of other acts, however, is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

Rule 404(b) restates the long-settled rule that evidence of prior or subsequent bad acts or crimes cannot be admitted when the sole relevancy is to show disposition to commit crimes with which the

---

[2/] Under the Sentencing Guidelines, at least 250 milligrams but less than 500 milligrams of methamphetamine (actual) starts at a base offense level of 14. See USSG § 2D1.1(c)(13). With regard to seriousness of the offense in terms of the Guidelines, for example, the 29.25 kilograms of marijuana that are alleged in Counts One and Two of the Indictment start at a base offense level 18. As such, this is a significant amount of methamphetamine with regard to other importation charges in the Indictment.

defendant is charged. See generally Michelson v. United States, 335 U.S. 469, 475-76 (1948); United States v. Hernandez-Miranda, 601 F.2d 1104, 1107-08 (9th Cir. 1979). But the Rule, as the Ninth Circuit has noted, is an inclusionary one where "evidence of other crimes is inadmissible under this rule only when it proves nothing but the defendant's criminal propensities." United States v. Sneezer, 983 F.2d 920, 924 (9th Cir. 1992); see also United States v. Hinostroza, 297 F.3d 924, 928 (9th Cir. 2002) (quoting United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir. 1991)) ("The only time such evidence may be excluded by rule 404(b) is if the evidence 'tends to prove only criminal disposition.'") (emphasis in original); United States v. Herrell, 588 F.2d 711, 714 (9th Cir. 1978) ("This court has also stated that Rule 404(b) is a rule of inclusion which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove only criminal disposition.") (internal quotations and citations omitted).

On the other hand, when offered to prove something other than propensity–such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident–Rule 404(b) applies to admit the "other act" evidence. See Fed. R. Evid. 404(b); United States v. Montgomery, 150 F.3d 983, 1000-01 (9th Cir. 1998); United States v. Johnson, 132 F.3d 1279, 1282 (9th Cir. 1997) ("So long as the evidence is offered for a proper purpose, such as to prove intent, the district court is accorded wide discretion in deciding whether to admit the evidence and the test for admissibility is one of relevance."). In this regard, the Rule is of vital importance, especially in criminal proceedings that typically involve inquiry into the intent of the accused. As the Court stated in United States v. Huddleston, 485 U.S. 681 (1988): "Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." Id. at 685.

When offered for one or more of the favored purposes enumerated in the Rule, "other act" evidence is proper and becomes admissible if it meets the Ninth Circuit's five-part admissibility test. The "other act" evidence may be admissible if (1) it tends to prove a material point; (2) it is not too remote in time; (3) it is sufficient to support a finding that defendant committed the other act;[3/]

---

[3/] In United States v. Huddleston, 485 U.S. 681, 685 (1988), the Supreme Court ruled that a district court need not make a preliminary finding that the offering party proved the specific act evidence by a clear and convincing or preponderance of the evidence standard. Instead, the Court held (continued...)

(4) (in certain cases)[4/] the act is similar to the offense charged; and (5) a determination under Rule 403 - whether the probative value is substantially outweighed by the prejudicial impact. See United States v. Romero, 282 F.3d 683, 688 (9th Cir. 2002) (quoting United States v. Chea, 231 F.3d 531, 534 (9th Cir. 2000)); see also United States v. Sneezer, 983 F.2d 920, 924 (9th Cir. 1992) (restating test). Therefore, Rule 404(b) applies to either exclude "other act" evidence (when offered solely as improper conformity evidence), or to permit "other act" evidence (when offered for a proper purpose subject to the Ninth Circuit's five-part test).

Here, the United States contends that the proffered evidence meets the test: (1) the evidence tends to prove a material point–Defendant's preparation, plan, knowledge, absence of mistake or accident by importing drugs, particularly marijuana and methamphetamine, on three separate occasions; (2) it is not too remote in time–two acts occurred within the last two years and one act occurred within the last ten years, and two acts occurred within four months of each other; (3) it is sufficient to support a finding that defendant committed the other acts; and (4) the acts are similar to the offense charged–acts involved drug trafficking crimes involving the importation of a significant amount of narcotics hidden inside a car where Defendant was the driver and sole occupant. Moreover, under Rule 403, this evidence is highly probative of Defendant's knowledge with respect to importation of drugs and is not substantially outweighed by any prejudicial impact. The evidence should be admitted to prove knowledge, plan, intent, opportunity, and lack of mistake or accident. See United States v. Reschly, 46 Fed. Appx. 403, 2002 WL 1890183 (9th Cir., Aug. 16, 2002) (holding that defendant's three prior convictions and his arrest statements were admissible in marijuana importation trial to show motive and knowledge, inasmuch as fact that he had previously possessed methamphetamine in personal use quantity on three occasions tended to prove he would perform service for someone who would offer him drugs).

---

[3/](...continued)
that such evidence should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the specific act. See id.

[4/] "When evidence of a prior act is offered to prove knowledge, the prior act need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the knowledge." United States v. Santa-Cruz, 48 F.3d 1118, 1119 (9th Cir. 1995) (quoting United States v. Arambula-Ruiz, 987 F.2d 599, 603 (9th Cir. 1993)). When the evidence is offered to show intent, however, the similarity requirement is of utmost importance. See United States v. Adrian, 978 F.2d 486, 492-493 (9th Cir. 1992) (noting the significance of similarity for intent type evidence because "if the prior act is not similar, it does not tell the jury anything about what the defendant intended to do in his later action").

## IV

## CONCLUSION

For the foregoing reasons, the United States respectfully asks that the Court grant the United States' supplemental motion in limine to admit additional 404(b) evidence.

DATED: May 2, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Joseph J.M. Orabona
JOSEPH J.M. ORABONA
Assistant United States Attorney