KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5610
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AURELIO LUNA-SANCHEZ, JR.,<br><br>Defendant. | Criminal Case No. 08CR0141-JM<br><br>Date: September 15, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 16<br><br>The Honorable Jeffrey T. Miller<br><br>**THE UNITED STATES' PROPOSED JURY INSTRUCTIONS** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its proposed jury intstructions.

DATED: September 12, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __1__

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, §3.1 [2003 Edition - West Publishing Co.]

[Duties of Jury to Find Facts and Follow Law]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __2__

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.2 [2003 Edition - West Publishing Co.]

[Charge Against Defendant Not Evidence-Presumption of Innocence-Burden of Proof]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __3__

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.3 [2003 Edition - West Publishing Co.]

[Defendant's Decision Not to Testify]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __4__

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.4 [2003 Edition - West Publishing Co.]

[Defendant's Decision to Testify]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __5__

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.5 [2003 Edition - West Publishing Co.]

[Reasonable Doubt-Defined]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __6__

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.6 [2003 Edition - West Publishing Co.]

[What is Evidence]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.7 [2003 Edition - West Publishing Co.]

[What is Not Evidence]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __8__

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.8 [2006 Edition - West Publishing Co.]

[Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __9__

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness' memory;
3. the witness' manner while testifying;
4. the witness' interest in the outcome of the case and any bias or prejudice;
5. whether other evidence contradicted the witness' testimony;
6. the reasonableness of the witness' testimony in light of all the evidence; and
7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.9 [2003 Edition - West Publishing Co.]

[Credibility of Witnesses]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __10__

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.9 [2003 Edition - West Publishing Co.]

[Evidence of Other Acts of Defendant and Statements of Others]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __11__

The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.20 [2003 Edition - West Publishing Co.]

[Jury to be Guided by Official English Translation/Interpretation]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __12__

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, §2.4 [2003 Edition - West Publishing Co.]

[Stipulations of Fact]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __13__

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 4.1 [2003 Edition - West Publishing Co.]

[Statements by Defendant]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __14__

You have heard evidence that defendant has previously been convicted of a crime. You may consider that evidence as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 4.6 [2003 Edition - West Publishing Co.]

[Impeachment, Prior Conviction of Defendant]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __15_

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 4.17 [2003 Edition - West Publishing Co.]

[Opinion Evidence, Expert Witness]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __16__

The defendant is charged in Counts 1, 3, and 5 in the indictment with unlawful importation of a controlled substance in violation of Sections 952 and 960 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly brought [controlled substance] into the United States; and

Second, the defendant knew that it was [controlled substance] or some other prohibited drug

For Counts 1 and 3, the controlled substance charged in the indictment is marijuana. For Count 5, the controlled substance charged in the indictment is methamphetamine.

Committee on Model Jury Instructions - Ninth Circuit, Manual of model jury Instructions for the Ninth Circuit, § 9.27 [2005 Edition - West Publishing Co.]

[Controlled Substance – Unlawful Importation]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __17__

The defendant is charged in Counts 2 and 4 of the indictment with possession of marijuana with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed [controlled substance] in a measurable or detectable amount; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was marijuana. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

In order for the defendant to be found guilty of the charge in Counts 2 and 4 of the indictment, the government is not required to prove the amount or quantity of marijuana. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of marijuana.

Committee on Model Jury Instructions - Ninth Circuit, Manual of model jury Instructions for the Ninth Circuit, § 9.13 [2007 Edition - West Publishing Co.]

[Controlled Substance – Unlawful Importation]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __18__

An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act] through ignorance, mistake, or accident. [The government is not required to prove that the defendant knew that [his] [her] acts or omissions were unlawful.] You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 5.6 [2003 Edition - West Publishing Co.]

[Knowingly-Defined]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __19__

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

[More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.]

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.18 [2003 Edition - West Publishing Co.]

[Possession-Defined]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __20__

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.1 [2003 Edition - West Publishing Co.]

[Duty to Deliberate]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __21__

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.2 [2003 Edition - West Publishing Co.]

[Consideration of Evidence]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __22__

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.3 [2003 Edition - West Publishing Co.]

[Notes]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __23__

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.4 [2003 Edition - West Publishing Co.]

[Jury Consideration of Punishment]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __24__

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the bailiff that you are ready to return to the courtroom.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.5 [2003 Edition - West Publishing Co.]

[Return of Verdict (Renamed Verdict Form)]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __25__

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.6 [2003 Edition - West Publishing Co.]

[Communication with Court]